# ATCHLEY & DELGADO, LLP
### ATTORNEYS AT LAW
1819 E. Southern Ave, Suite A-10
Mesa, Arizona 85204
(480) 497-5009
fax (480) 497-5029
mark@arizonabk.com

Mark R. Atchley  21419
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | Gabriel Covaci | Chapter 13 Case No. 08-17657 RJH |
| SS: | xxx-xx-3330 | |
| | | AMENDED CHAPTER 13 PLAN |
| | Debtor. | |

Debtor proposes the following changes to his Chapter 13 Plan:

1. **PROPERTY AND INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following property and future income to the Trustee for distribution under the Plan:

    a. **FUTURE EARNINGS OR INCOME** Debtor shall make monthly payments to the Trustee, on or before the eighth (8th) day of each month, in accordance with the following schedule:

    | Month | Date | Payment | Total |
    |---|---|---|---|
    | 1—6 | Jan 2009 to Jun 2009 | $834 | $5,004 |
    | 7—60 | Jul 2009 to Dec 2013 | $3,248 | $175,365 |

2. **CLASSIFICATION AND TREATMENT OF CLAIMS.**  Claims shall be classified and paid as set forth below.  **This Plan and the Order Confirming shall not constitute an informal proof of claim for any creditor.**

    a. **CLAIMS SECURED BY REAL PROPERTY.**

    Property located at 5519 W Yearling Road, Glendale, AZ 85310  (Residence):

    The following creditor(s) shall retain a security interest in the real property and the Trustee shall have no interest in or claim to the property securing the claim.  **Regular monthly payments becoming due after the filing of the petition shall be made outside of this Plan.**  No payment shall be deemed late, and the agreement which is the basis for a claim shall not be deemed in default as a result of the arrearage cured under this Plan.  The estimated arrearage listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation.  The adjustment shall be made to reflect the amount of the arrearage as provided by the creditor by letter to counsel or in a Proof of Claim subject to Debtor filing an objection to any amount set forth in the proof of claim which Debtor may question.  Creditor shall accept full responsibility for its own attorney's fees incurred in connection with the filing of a proof of claim.  Should creditor file an objection based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation based upon the amount set forth in a letter to counsel or the Proof of Claim filed by the creditor, creditor accepts full responsibility for its own attorney's fees in connection with the objection.  The arrearage as adjusted, which shall include late charges but not legal fees unless incurred as the result of the initiation of a foreclosure or Trustee's Sale, shall be cured within the length of this Plan.

The Debtor's homestead exemption in the residential real property and in any identifiable cash proceeds from the sale of the residential real property is allowed. Pursuant to A.R.S. §33-1101, proceeds from the sale of the Debtor's homesteaded real property may be used in any manner, transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtor's homesteaded real property shall become the sole property of the Debtor to the extent of the protected equity in such property.

Debtor's opinion as to the value of the real property: $385,000 for Yearling Property; $130,000 for Emile Zola property.

The estimated arrearages are as follows. Debtor will pay interest on the arrearages at the rate of 0%.

| CLAIMANT | SECURITY | ARREARAGE |
|---|---|---|
| American Home Mortgage Servicing | Residence on Yearling Road | $0 |

**Creditor CitiResidential's second position deed of trust on Yearling Residence is fully unsecured due to lack of remaining equity in the house after the first deed of trust. Debtor will be filing a separate motion to avoid the lien, and no payments will be made on the underlying note.**

Property located at 7343 W Emile Zola Avenue, Peoria AZ 85381

America's Servicing Company (first trust deed holder) shall retain its interest in real property located at 7343 W Emile Zola which secures its claim. Such claim shall be paid at the value of the real property ($130,000) (the 'allowed secured claim') plus interest at the rate specified for the period from the filing of this plan until satisfaction of the allowed secured claim. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor(s)' duly filed and approved claim. Upon payment of the allowed secured claim, the security interest(s) claimed in such property shall be deemed satisfied and released.

Creditor ASC's second position deed of trust on property located at 7343 W Emile Zola Avenue is fully unsecured due to lack of remaining equity in the house after the first deed of trust. Debtor will be filing a separate motion to avoid the lien, and no payments will be made on the underlying note.

**ASC 1st. Value - $130,000. @ 4.5% from filing date. Total funding to cred = $145,415.55**

b. **CLAIMS SECURED BY PERSONAL PROPERTY.**

The following creditor(s) shall retain their interest(s) in personal property securing their claim(s). Such claim(s) shall be paid the lesser of the debt balance or the value of the personal property securing the claim(s) (the 'allowed secured claim') plus interest at the rate specified for the period from commencement of the case until satisfaction of the allowed secured claim. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor(s)' duly filed and approved claim. Upon payment of the allowed secured claim, the security interest(s) claimed in such property shall be deemed satisfied and released. Claims paid as secured shall be paid in full prior to commencement of payment on any claim(s) listed thereafter.

Any claims not specifically named in this Plan are presumed to be unsecured claims. If a creditor fails to file a secured claim before confirmation or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be paid.

If no objections are filed and served upon Debtor's counsel within 60 days of the first Meeting of Creditors, claims not specifically treated as secured below will be paid as general unsecured claims. Upon confirmation, the following secured claims shall be paid the "allowed secured claim".

| NAME OF CREDITOR | COLLATERAL | CLAIM AMOUNT | VALUE | UNSEC | INT | ADEQ PROT |
|---|---|---|---|---|---|---|
| Compass Bank | 06 Chevy Silverado | $14,022.25 | $11,979.50 | $2,042.75 | 3% | $119 |

Upon confirmation of the plan, those creditors scheduled to receive adequate protection above shall receive the monthly payments so scheduled for the period between commencement of this case and confirmation and shall continue to receive such payments until funding is adequate to commence periodic pro rata payments as provided for in the Plan.

3. **REJECTION OF CLAIMS – SECURED CREDITOR.** Debtor elects not to assume the lease or contract with creditors named in this paragraph and shall surrender to each creditor the collateral subject to the lien or lease in full satisfaction of any and all claims that each secured or unsecured creditor may have against Debtor arising from the transaction creating creditor's interest in said property. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for a possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

| Creditor | Security |
|---|---|
| M&I Bank | Wickenburg Property |

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtor upon discharge of the Plan unless otherwise stated in the Order confirming the Plan. Prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the Debtor until the discharge or dismissal of this proceeding with respect to claims arising prior to commencement of this case.

5. **GENERAL PROVISIONS.**

   a. If this case is filed as a joint Debtors case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.
   b. The automatic stay granted pursuant to 11 U.S.C. Section 362 and 1301 shall remain in full force and effect with respect to pre-petition claims until further order of this Court.

DATED this 8th day of June, 2009.

 /s/ Gabriel Covaci
Gabriel Covaci
Debtor


ATCHLEY & DELGADO, LLP


 /s/ mra 21419
by: Mark R. Atchley, Esq.
Attorney for Debtor

# FORM 13-2   PLAN ANALYSIS

_____ Debtor received a discharge in a case under chapter 7, 11, or 12 during the 4-year period, or in case filed under chapter 13 during the 2-year period, preceding the date of order for relief in this case

_____ Debtor's CMI multiplied by 12 exceeds the median income.

---

## TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.   PRIORITY CLAIMS

| | | |
|---|---|---|
| 1. Unpaid attorney's fees…………………………………………… | $ | 4,000 |
| 2. Domestic support obligation…………………………………….. | $ | 0 |
| 3. Taxes……………………………………………………………….. | $ | 0 |
| 4. Other……………………………………………………………... | $ | 0 |

B.   PAYMENTS TO CURE DEFAULTS……………………………….. $   0

C.   PAYMENTS TO REAL PROPERTY CLAIM…..…………………….. $   145,416

D.   PAYMENTS ON SECURED CLAIMS…………………….………... $   12,916

E.   PAYMENTS ON GENERAL UNSECURED CLAIMS…………….….. $   0

F.   SUBTOTAL………………………………………………………... $   162,332

G.   TRUSTEE'S COMPENSATION (10% of Debtors' payments)………...…. $   18,037

H.   TOTAL DEBT AND ADMINISTRATIVE EXPENSES……………….. $   180,370

---

## RECONCILIATION WITH CHAPTER 7

(a)   Best Interest of Creditors Test:
1. Value of Debtors' interest in nonexempt property……………………….   $   0
2. Plus: value of property recoverable under avoiding powers……………..   $   0
3. Less: estimated Chapter 7 expenses………………………………………   $   300
4. Less: amounts payable to priority creditors other than costs of
   administration……………………………………………..……………….   $   0
5. Equals: estimated amount payable to unsecured nonpriority creditors
   if Debtor had filed Chapter 7…………..……………………………………   $   0

(Section (b) to be completed by debtors whose CMI exceeds the state's median income)

(b)   Section 1325(b) Analysis (if debtor's CMI multiplied by 12 exceeds
      applicable median income:
      (1) Amount from Line 58 of Statement of Current Monthly Income…….   $
      (2) Applicable Commitment Period…………………………………….      60 months
      (3) Amount required to pay to unsecured creditors ((b)(1) times 60)……   $

(c)   ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS
      UNDER THE PLAN (Greater of (a)(5) or (b)(3))……………………………   $

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.**